MARTIN CARLSON v. JAMES FORRESTAL COMPANY.[1]

July 5, 1907.

Nos. 15,180—(127).

**Negligence of Vice Principal.**

Where it appeared that the general foreman in charge of the work of excavation for the foundation of a building directed a blasting crew to go to another part of the foundation, and directed a certain workman to clear the ice and snow out of a hole which had been drilled in the rock by other workmen, and this workman was injured by the explosion of a charge of dynamite which had been left there unexploded, when the charge in a former group of holes had been discharged by means of an electric battery, *held*, that the foreman was a vice principal, and charged with the absolute duty to exercise proper care to provide a reasonably safe place for the employees to work, and that it was for the jury to say whether in this instance the foreman exercised ordinary care in making a reasonable examination in order to ascertain the existence of an unexploded charge.

**Charge to Jury.**

The court properly instructed the jury that if the foreman instructed the workmen to do this work in the manner described, without first ex-

[1] Reported in 112 N. W. 626.

ercising ordinary care in making a reasonable examination, and the accident happened as a proximate result thereof, the defendant was liable.

Action in the district court for Ramsey county to recover $30,000 for personal injuries. The case was tried before Hallam, J., and a jury, which rendered a verdict in favor of the plaintiff for $8,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Durment & Moore* and *L. D. Pugh*, for appellant.

*Samuel A. Anderson*, for respondent.

ELLIOTT, J.

This was an action to recover damages for personal injury caused by the explosion of a charge of dynamite. The plaintiff recovered a verdict for $8,000, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

There is very little controversy as to the facts. The appellant was making an excavation for the foundation and basement for the Auditorium Building in the city of St. Paul. Over a space of about two hundred feet wide by three hundred feet long there was earth to a depth of about two feet, underlying which was limestone rock. The removal of this rock required the use of powder and dynamite. A general foreman named Thomas was in charge of all the work. The workmen were divided into three crews, the "blasting," the "drill," and what may be called the "cleaning-up" crew. The drill crew prepared the holes. The blasting crew cleaned out the holes that had been drilled, loaded them with dynamite, and discharged them by means of an electric battery. Another crew then cleared away the dirt and rock which had been dislodged, and thus prepared the way for the drill crew to drill new holes. Three or four holes were ordinarily exploded at one time, and the foreman, Thomas, was aware of the fact that it was not unusual for some of the charges to fail to explode.

The respondent, Carlson, had been employed by the appellant for about two weeks, and was a member of the blasting crew. He had worked about quarries for several years, and was somewhat familiar with blasting operations. Some days before the accident the drill crew had drilled holes about three feet deep in the rock in one corner of the

excavation. The holes had been exploded, the stone and dirt had been cleared away, and new holes drilled. Before they were charged, these holes became filled with ice and snow. The general foreman, Thomas, took the men of the blasting crew over to this place and directed them to clean out the holes preparatory to charging them with dynamite. Thomas knew that it was not unusual for some of the charges to fail to explode, and yet, without any examination into the conditions, he directed Carlson to dig the ice and snow out of the holes. Carlson, without knowledge of the conditions, and, as he says, in obedience to the specific instructions of the foreman, commenced to clean out a certain hole. It is evident from the result that the particular hole was one of the old holes which had not been discharged, and not one which had been prepared by the drill crew when they were last at work in that vicinity. An explosion occurred, and Carlson was severely injured.

The issues submitted to the jury were restricted and clearly defined. The court ruled that the defendant was not negligent in the manner of doing the blasting, in allowing the premises to get into the condition they were in, or in failing to instruct the plaintiff with reference to the dangers of the situation, but held as a matter of law that in directing the plaintiff to work at the place where he was injured Thomas was a vice principal, and instructed the jury that if Thomas "did order the plaintiff to do this work in this place, and to work at and about the hole in which there was an unexploded charge of dynamite, and did not first exercise ordinary care in making a reasonable examination to ascertain the existence of some such unexploded charge, and the accident happened as the proximate result thereof, then the defendant is liable."

This instruction was correct. Thomas was a vice principal, and not a fellow servant. If he failed to perform the absolute duty to exercise proper care to furnish a reasonably safe place for the employees to work, the master is responsible for the damages resulting thereby. The facts of this case are similar to those of Stahl v. City of Duluth, 71 Minn. 341, 74 N. W. 143, and the governing principle was applied in Carlson v. N. W. Tel. Exch. Co., 63 Minn. 428, 65 N. W. 914.

The jury was properly instructed with reference to contributory negligence and assumption of risk. There was evidence which re-

quired the submission of these issues to the jury, and we find no reason for holding that the jury did not reach the proper conclusion.

Other questions have been argued by appellant, and we have given them careful consideration; but we do not feel that they are of such importance as to require special consideration in the opinion.

The order of the trial court is affirmed.