### NELS BJORKLUND v. LAFAYETTE M. GRAY and Another.[1]

October 23, 1908.

Nos. 15,863—(113).[2]

**Negligence of Master.**

Defendant, having attempted to explode three holes drilled in rocks and filled with dynamite, contrary to its unvarying custom, failed to investigate whether all the charges had exploded. The charge in one had missed fire. Several days after, on the day of the accident, other servants, in attempting to drill that hole, which they found not to be deep enough, caused an explosion, whereby a rock was thrown upon plaintiff below and beyond the place of discharge, and the injuries here complained of were produced. Plaintiff's verdict, based on defendant's negligence, is sustained.

[1] Reported in 118 N. W. 59.    [2] October, 1908, term calendar.

Action in the district court for Goodhue county to recover $10,500 for personal injuries alleged to have been caused by the explosion of a large quantity of dynamite in a drill hole in defendants' stone quarry. The case was tried before Williston, J., and a jury which rendered a verdict in favor of plaintiff for $3,500. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*H. D. Bailey* and *F. M. Wilson*, for appellants.

*Ludvig Arctander*, for respondent.

JAGGARD, J.

In this, an action to recover for personal injuries, plaintiff had a verdict. Several days before the accident of which he complains, other employees of the defendant had charged three holes drilled in the rock with crushed dynamite above the place where plaintiff was injured. Two of the charges exploded. The third was not discharged. It was the unvarying custom in this quarry for the "powder man" to investigate after each blast whether any of the charges had missed. After the explosion he said to the foreman: "We should look after how it was with the blasts, if they had gone off." The foreman replied that it would be looked after next morning. No such subsequent investigation was, however, in fact made. The drill hole was discovered, and covered with a rock about the size of a law book, to keep it from being filled up. On the day of the accident an employee of defendant, in attempting to drill the hole, which he found not to be deep enough, caused an explosion, whereby a rock was thrown upon plaintiff and produced the injuries complained of. Defendant's final argument, as we understand it, was that the men exploding the dynamite were negligent in not discovering that the ledge contained an unexploded charge of dynamite and were fellow servants of plaintiff.

It is not material to the final result of the case whether the foreman, or the man he directed to do the blasting, in causing the explosion in the third hole, was a fellow servant or not. Defendants owed a duty of inspection, in accordance with their own custom of looking for unexploded blasts. Failure to conform to that custom was initial negligence, for which they were liable for the injury of

their employee therefrom, even if the act of a fellow servant contributed to cause the harm. The general foreman was, however, a vice principal. If he be regarded as directing the drilling, this case would be ruled by Carlson v. James Forrestal Co., 101 Minn. 446, 112 N. W. 626, and Stahl v. City of Duluth, 71 Minn. 341, 74 N. W. 143. The courts "are also approaching the whole matter from the point of view of the master's legal duty." 6 Mich. L. Rev. 265, citing 2 Mich. L. Rev. 79, and showing the similarity between the Carlson case and Peters v. George, 154 Fed. 634, 83 C. C. A. 408.

Affirmed.